SMITH (HUNT v.). See Case No. 6,899.

## Case No. 13,063.
### SMITH v. HUNTER.
[5 Cranch, C. C. 467.] [1]

Circuit Court, District of Columbia. March Term, 1838.

PERSONAL PROPERTY — DEED — POSSESSION — CREDITORS.

A deed, from one to another, of personal property, to be void if the grantor shall on demand pay a certain sum to the grantee, is void, in law, as to the creditors of the grantor, unless the possession accompanied and followed the deed, although acknowledged and recorded agreeably to Act Md. 1729, c. 8, §§ 5, 6.

Replevin, for a hackney-coach and two horses, taken by the defendant [Alexander Hunter] as marshal of the District of Columbia, under a fieri facias against one William Smith, the brother of the plaintiff [John Smith]. Plea, property in the defendant, and traversing the title of the plaintiff.

The plaintiff claimed title under a deed from the said William Smith, dated May 21, 1833, duly acknowledged and recorded on the same day, agreeably to Act Md. 1729, c. 8, §§ 5, 6. The consideration was stated to be $333; and the deed was to be void if William should pay the said sum and interest to John on demand. John lived in Annapolis, William in Washington, and the carriage and horses always remained in the possession of William, until seized as his property by the marshal under an execution against William.

Messrs. Brent & Brent, for plaintiff, contended, that as the deed was duly acknowledged and recorded agreeably to Act Md.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

1729, c. 8, §§ 5, 6, it was not necessary that the possession should accompany and follow the deed, in order to protect the property from creditors; the acknowledgment and record being substituted for possession.

But THE COURT (MORSELL, Circuit Judge, contra), at the prayer of Mr. Marbury, for defendant, instructed the jury, that if they should be satisfied, by the evidence, that the possession of the property did not accompany and follow the deed, it was fraudulent, in law, as to the creditors of the said William Smith, although acknowledged and recorded agreeably to the act.

CRANCH, Chief Judge, observed, that it did not appear to have been the intention of the legislature to make valid against creditors any deed which would be void, as to creditors, by the common law.

A motion for a new trial was made, but was refused at November term, 1838.

NOTE. On the 7th of July, 1838 [5 Stat. 306], congress established a criminal court for the District of Columbia. Thompson F. Mason, Esq., of Alexandria, was appointed judge of that court, and held one session in Alexandria, and one in Washington, but was too ill to hold the December session in Washington, and died on the 21st of December, 1838. James Dunlop, Esq., of Georgetown, was appointed in his place, and sworn in about the 9th of January, 1839.